IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

PRAGMATUS AV, LLC,

                Plaintiff,

v.

FACEBOOK, INC., et al.,

                Defendants.

Civil Action No.  1:10-cv-1288 (LMB/JFA)

**PRAGMATUS' MEMORANDUM IN OPPOSITION
TO YOUTUBE, LLC'S, LINKEDIN CORPORATION'S, AND
PHOTOBUCKET.COM, INC.'S RULE 12(b)(6) MOTIONS TO DISMISS
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff, Pragmatus AV, LLC ("Pragmatus"), by counsel, submits the following

Opposition to YouTube, LLC's ("YouTube"), LinkedIn Corporation's ("LinkedIn"), and

Photobucket.Com, Inc.'s ("Photobucket") Motions to Dismiss or, in the Alternative, for a More

Definite Statement:

## ARGUMENT

YouTube, LinkedIn, and Photobucket have now joined defendant Facebook, Inc.

("Facebook") (the defendants are collectively referred to herein as "Defendants") in seeking to

dismiss Pragmatus' Complaint pursuant to Rule 12(b)(6) or, alternatively, requesting a more

definite statement under Rule 12(e).

For the reasons set forth below and in Pragmatus' Opposition to Facebook's Motion to

Dismiss (incorporated herein by reference), Pragmatus has met the pleading requirements under

the Federal Rules, and Defendants' motions should all be denied.

A.    Pragmatus Has Met the Pleading Requirements Under Rule 8, and Therefore
      Dismissal is Inappropriate Under Rule 12(b)(6).

YouTube, LinkedIn, and Photobucket for the most part assert the same arguments made

by Facebook in its Motion to Dismiss (indeed, each Defendant expressly adopts Facebook's

arguments).  In the interest of brevity, Pragmatus relies on its Opposition to Facebook's motion.

See Exhibit A hereto.  Pragmatus addresses the Defendant's remaining arguments below.

1.    Pragmatus Has Met The Pleading Requirements As To YouTube.

YouTube argues that Pragmatus has failed to identify "a single specific allegedly

infringing device," "a single system," or "a specific instrumentality or service" that infringes the

patents-in-suit.  To the contrary, Pragmatus identifies YouTube's service wherein users can

"upload, link to and comment on videos."  Complaint, ¶¶ 28, 32, and 36.  And although YouTube

claims to be at a loss as to the nature of the accused systems and services, it (as well as the other

Defendants) had no difficulty identifying the employees who purportedly have "knowledge of

the development, implementation, and operation of *the systems and services accused of

infringement*."  Defendants' Joint Motion to Transfer Venue, p. 8 (emphasis added).

In addition, unlike certain patent cases, the YouTube service Pragmatus has accused of

infringement does not have a unique name or other identifier within the YouTube website.

Accordingly, Pragmatus must identify the accused service by describing it.  Pragmatus'

description of the accused service, in conjunction with the description of the inventions claimed

in the patents-in-suit, is sufficient to satisfy the pleading requirements of Rule 8.

As noted by Pragmatus in its Opposition to Facebook's Motion to Dismiss, Rule 8 of the

Federal Rules is satisfied if a complaint meets the general outline of Form 18.  See, e.g., McZeal

v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007); Taltwell, LLC v. Zonet USA Corp., 2007

WL 4562874, at *14 (E.D. Va., Dec. 20, 2007).

2.

Indeed, Pragmatus' Complaint is more specific than the complaints in <u>McZeal</u> and

<u>Taltwell</u>, ***both of which were found to meet the requirements of Rule 8***.  In <u>Taltwell</u>, for

example, the complaint alleged that the defendant infringed:

> directly or under the doctrine of equivalents, one or more claims of the '660 patent
> by making, using, offering for sale, and/or selling ***the communication devices in
> the United States that are within the scope of the claims of the '660 patent***.

<u>Taltwell</u>, 2007 WL 4562874 at *14 (emphasis added).  <u>See also</u> <u>McZeal</u>, 501 F.3d at 1356-57

(complaint that met the requirements of the Federal form for patent infringement satisfied Rule

8); Form 18 (generally describing "electric motors" as the subject of infringement).

If the terms "electric motors" (Form 18) and "communication devices" (<u>Taltwell</u>) are

sufficient to describe an accused product under Rule 8, so is a description that includes "systems

and services that allow users to upload, link to and comment on videos."

YouTube cites a footnote from <u>Colida v. Nokia, Inc.</u>, 347 Fed.Appx. 568 (Fed. Cir.

2009), to support its argument that Form 18 is no longer satisfactory.  The Federal Circuit made

no such holding in <u>Nokia</u>.  Instead, the Court expressly noted that the plaintiff in that case had

failed even to attempt to argue that his complaint met the requirements of Form 18.  <u>Id.</u> at 571

n.2.  Although the Court observed that Form 18 has not been updated since the Supreme Court's

decision in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), it never held that Form 18 is no longer

sufficient.  <u>Id.</u>

In fact, in another case cited by YouTube, <u>Xpoint Technologies, Inc. v. Microsoft Corp.</u>,

2010 WL 3187025 (D. Del., Aug. 12, 2010), decided after <u>Iqbal</u>, the Court noted that the

"Federal Circuit Court of Appeals in <u>McZeal</u> held that, for a direct infringement claim, ***[Form***

***18] meets the <u>Twombly</u> pleading standard***."  2010 WL 3187025 at *2 (emphasis added).  The

court in <u>Xpoint</u> further noted that Form 18 only refers to "electric motors," and then stated:

no further detail regarding said electric motors is provided.  As this court has previously held, ***it is not necessary to identify specific products, i.e. model names, but plaintiffs [sic] pleadings must mimic Form 18 and identify a general category of products***.

. . . .

A plaintiff is not required to specifically include each element of the asserted patent's claims ***or even identify which claims it is asserting***; ***nor is it required to describe how the allegedly infringing products work***.

2010 WL 3187025 at *3 (emphasis added).  Pragmatus has identified the part of the YouTube service it alleges is infringing.  Nothing more is required.

Moreover, Pragmatus has met the essential requirements for pleading under Iqbal and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  As the Supreme Court held in Iqbal, there are two basic "principles" that must be met under Rule 8:  first, a complaint cannot merely assert "legal conclusions."  Iqbal, 129 S.Ct. at 1949-50.  Second, a complaint must state a "plausible" claim for relief.  Id. at 1950.  Whether a claim is "plausible" requires the reviewing court to "draw on its judicial experience and common sense."  Id.  In this case, Pragmatus' Complaint does not merely cite "legal conclusions."  Nor are the claims within it inherently "implausible."  In light of the technology disclosed in the patents-in-suit and the nature of the accused services set forth in the Complaint, Pragmatus' infringement allegations are certainly plausible and do not constitute "threadbare recitals of the elements" of patent infringement.  Iqbal, 129 S.Ct. at 1949.

YouTube next argues that Pragmatus failed to provide "any substance regarding how the unspecified accused systems, services, and methods relate to the claims of the patents-in-suit."  YouTube Brief, p. 3.  Pragmatus, however, is not required to specify which claims are infringed at the pleading stage.  See McZeal, 501 F.3d at 1357 ("a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent"); Taltwell, 2007 WL 4562874 at *14 (a plaintiff does not have to "specify which claims of the [patent-in-

suit] have been performed by the allegedly infringing products"); Xpoint Technologies, Inc.,

2010 WL 3187025 at *3 ("A plaintiff is not required to specifically include each element of the

asserted patent's claims or even identify which claims it is asserting . . ..")

Finally, YouTube asserts that Pragmatus has failed properly to plead claims for induced

and contributory infringement.  YouTube, like Facebook, relies on the Federal Circuit's decision

in Hewlett-Packard Co. v. Bausch & Lomb, Inc., 909 F.2d 1464, 1469 (Fed. Cir. 1990), for its

argument that intent or knowledge must be specifically alleged.  But the Federal Circuit in

Hewlett-Packard Co. held that "*proof* of actual intent to cause the acts which constitute the

infringement is a necessary prerequisite to *finding* active inducement" (emphasis added).  The

Federal Circuit did not hold that intent must be *alleged* in the complaint.[1]

YouTube also complains that Pragmatus did not identify "who the alleged direct

infringers are" in connection with Pragmatus' indirect infringement claims, arguing that

Pragmatus merely alleged that "others" directly infringe the patents-in-suit.  YouTube Brief at

pp. 8-9.  To the contrary, Pragmatus alleged that "users" of YouTube's "systems and services that

allow users to upload, link to and comment on videos" directly infringe.  Complaint, ¶¶ 29, 33,

and 37.  Pragmatus is not required to identify such users − who likely number in the tens of

millions − by name.

For these reasons, and for the reasons set forth in Pragmatus' Opposition to Facebook's

Motion to Dismiss, YouTube's argument that Pragmatus has failed to sufficiently plead indirect

---

[1]  YouTube suggests that Pragmatus must plead and prove that YouTube had knowledge of the patents-in-suit, at least with regard to Pragmatus' claim of induced infringement.  See YouTube Brief, p. 9.  Knowledge of the patents-in-suit is not required to prove induced infringement.  See, e.g., Lucent Technologies, Inc. v. Gateway, Inc., 580 F.3d 1301, 1322 (Fed. Cir. 2009) ("Evidence of active steps taken to induce infringement, such as advertising an infringing use, can support a finding of an intention for the product to be used in an infringing manner.") (Citation omitted.)

infringement should be rejected.

>       2.      Pragmatus Has Met The Pleading Requirements As To LinkedIn and
>               Photobucket.

LinkedIn and Photobucket do not offer any substantive arguments other than those raised

in Facebook's and YouTube's Motions to Dismiss.  Accordingly, Pragmatus opposes LinkedIn's

and Photobucket's Motions to Dismiss for the reasons set forth herein and in Pragmatus'

Opposition to Facebook's Motion to Dismiss.

>   B.      Defendants' Request For a More Definite Statement Under Rule 12(e) Should
>           Also Be Denied.

For the reasons set forth in Pragmatus' Opposition to Facebook's Motion to Dismiss,

Defendants' Motion for a More Definite Statement should be denied.

>   C.      Alternatively, Pragmatus Should Be Granted Leave To Amend.

In the event the Court finds that Pragmatus' patent infringement claims are not

sufficiently pled, Pragmatus should be granted leave to amend its Complaint for the reasons set

forth in Pragmatus' Opposition to Facebook's Motion to Dismiss.

## CONCLUSION

Wherefore, Pragmatus respectfully requests that YouTube's, LinkedIn's and

Photobucket's Motions to Dismiss or, in the alternative, for a More Definite Statement, be

denied.  Alternatively, Pragmatus requests that the Court grant it leave to amend the Complaint.

                                PRAGMATUS AV, LLC
                                By Counsel

_____/s/_____
Mark W. Wasserman (VSB #22638)
Matthew R. Sheldon (VSB #41892)
Brent R. Gary (VSB #66592)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4200
Facsimile: (703) 641-4340
mwasserman@reedsmith.com
msheldon@reedsmith.com
bgary@reedsmith.com
*Counsel for Plaintiff Pragmatus AV, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2011, the foregoing document

was electronically filed with the Clerk of the Court using the CM/ECF system, which will then

send a notification of such filing (NEF) to the following:

Justin P.D. Wilcox, Esq.
Scott A. Cole, Esq.
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
jwilcox@cooley.com
scole@cooley.com
*Counsel for Defendant, Facebook, Inc.*

Veronica S. Ascarrunz, Esq.
Larry L. Shatzer, Esq.
Wilson, Sonsini, Goodrich & Rosati
1700 K Street, N.W.
Fifth Floor
Washington, D.C. 200006-3817
vascarrunz@wsgr.com
lshatzer@wsgr.com
*Counsel for Defendant, YouTube, LLC*

David E. Finkelson, Esq.
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
dfinkelson@mcguirewoods.com
*Counsel for Defendant, LinkedIn Corporation*

David M. Foster, Esq.
Kimberly S. Walker, Esq.
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
dfoster@fulbright.com
kwalker@fulbright.com
*Counsel for Defendant, Photobucket.com, Inc.*

and was sent via electronic mail and first class mail, postage prepaid, to:

Heidi Lyn Keefe, Esq.
Cooley LLP
3175 Hanover Street
Palo Alto, California  94304
hkeefe@cooley.com
*Counsel for Defendant, Facebook, Inc.*

Robin Lynn Brewer, Esq.
Stefani Elise Shanberg, Esq.
Wilson, Sonsini, Goodrich & Rosati
650 Page Mill Road
Palo Alto, California  94304
rbrewer@wsgr.com
sshanberg@wsgr.com
*Counsel for Defendant, YouTube, LLC*

Daralyn Jean Durie, Esq.
Clement Seth Roberts, Esq.
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California  94111
ddurie@durietangri.com
croberts@durietangri.com
*Counsel for Defendant, LinkedIn Corporation*

Dan Duncan Davison, Esq.
Miriam Latorre Quinn, Esq.
Fulbright & Jaworski LLP
2200 Ross Avenue
Suite 2800
Dallas, Texas  75201
ddavison@fulbright.com
mquinn@fulbright.com
*Counsel for Defendant, Photobucket.com, Inc.*

                                        /s/
                        Mark W. Wasserman (VSB 22638)
                        Matthew R. Sheldon (VSB #41982)
                        Brent R. Gary (VSB #66592)
                        Reed Smith LLP
                        3110 Fairview Park Drive
                        Suite 1400
                        Falls Church, Virginia  22042
                        Telephone:  703.641.4229
                        Facsimile:  703.641.4340
                        mwasserman@reedsmith.com
                        msheldon@reedsmith.com
                        bgary@reedsmith.com
                        *Counsel for Plaintiff, Pragmatus AV, LLC*