# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PRAGMATUS AV, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., et al., <br><br> Defendants. | Civil Action No. 1:10-cv-1288 (LMB/JFA) |

**PRAGMATUS' MEMORANDUM IN OPPOSITION
TO DEFENDANT FACEBOOK, INC.'S RULE 12(b)(6) MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff, Pragmatus AV, LLC ("Pragmatus"), by counsel, submits the following Opposition to Defendant Facebook, Inc.'s ("Facebook") Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement:

## ARGUMENT

Facebook has moved to dismiss Pragmatus' Complaint ("Complaint") under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for a more definite statement under Rule 12(e). But Pragmatus has met the pleading requirements set forth under the applicable Federal Rules, as recently interpreted by the Federal Circuit and numerous U.S. District Courts, including the U.S. District Court for the Eastern District of Virginia.

As set forth in more detail below, a complaint alleging patent infringement is sufficient if it includes the elements set forth in Form 18 of the Federal Rules of Civil Procedure. Form 18 consists of only four short paragraphs, consistent with the Federal Rules' emphasis on brevity in pleading patent infringement claims. Pragmatus' Complaint contains all of the information required by Form 18.

In fact, Pragmatus' Complaint actually includes *more* information than required by Form 18.

For the reasons stated below, Pragmatus has met the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, and Facebook's motion should be denied.

> A. Pragmatus Has Met the Pleading Requirements Under Rule 8, and Therefore Dismissal is Inappropriate Under Rule 12(b)(6).

Under the liberal pleading standard in Rule 8, Pragmatus' Complaint is more than sufficient to put Facebook on notice of the claims asserted against it. Specifically, Rule 8(a) of the Federal Rules requires that a pleading contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Consistent with the requirement that a pleading be "short and plain," the Federal Rules contain a form complaint that may be used in patent infringement cases. See Form 18. Under Rule 84 of the Federal Rules, these forms "are sufficient under the rules." Fed. R. Civ. P. 84. Form 18, in its entirety, reads as follows:

> 1. (Statement of Jurisdiction - See Form 7)
>
> 2. On *date*, United States Letters Patent No. ___ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands: (a) a preliminary and final injunction against continued infringement; (b) an accounting for damages; and (c) interest and costs.

Fed. R. Civ. P., Form 18.

Pragmatus has pled these elements. In addition, contrary to what Facebook argues in its Motion, a complaint that includes the information in Form 18 satisfies the United States Supreme Court's ruling in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

The Federal Circuit has held that complaints that comply with Form 18 meet the notice pleading standard under Federal Rule 8(a) and Twombly. McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007). In McZeal, the Federal Circuit held that a complaint alleging patent infringement is sufficient under the Twombly standard if it:

> (1) asserts that the plaintiff owns the patent at issue; (2) names the defendants; (3) states that the defendant infringed the patent; (4) describes, in general terms, the means by which the patent was infringed; and (5) identifies the specific parts of patent law that are implicated.

Id. at 1355-56.

According to McZeal, fulfilling each of these elements is sufficient to put the defendant on notice and permit the action to survive a Rule 12(b)(6) motion. 501 F.3d at 1357. Nothing more is required. Id.

In addition, the Federal Circuit in McZeal held that a plaintiff in a patent infringement case is not required specifically to include each element of the claims of the asserted patent. 501 F.3d at 1357. In McZeal, for example, the patent owner simply asserted ownership of the patents-in-suit, named Sprint as the defendant and alleged infringer, briefly and generally described the means by which the infringement occurred (i.e. by alleging that the infringing

3.

device "performs all the basic elements contained in the patent claims"), and pointed to the specific parts of the patent law invoked. Id. Thus, the Federal Circuit assessed the requirements of Rule 8(a) in the patent infringement context and concluded that a plaintiff that provides the information required by Form 18 satisfies Twombly.

At least one U.S. District Judge of this Court has followed and adopted the McZeal ruling. See, e.g., Taltwell, LLC v. Zonet USA Corp., 2007 WL 4562874, at *14 (E.D. Va. Dec. 20, 2007) (each of the McZeal factors were identified in the complaint, thus the court found the complaint set forth sufficient allegations to state a claim upon which relief can be granted).

Numerous other U.S. District Courts have also adopted McZeal. Sikes Cookers & Grill, Inc. v. Vidalia Outdoor Products, Inc., 2009 WL 427227, at *3 (N.D. Ga. Feb. 19, 2009) (court found complaint to be sufficiently pled because it stated each McZeal factor including that defendants had been making, selling and using a product embodying the patent-in-suit); Eidos Commc'ns, LLC v. Skype Technologies SA, 2010 WL 4642062, at *1, 2 (D. Del. Nov. 9, 2010) (complaint found to be sufficient because McZeal factors pled); Fotomedia Techs., LLC v. AOL, LLC, 2008 WL 4135906, at *1, 2 (E.D. Tex. Aug. 29, 2008) (complaint sufficient because it alleged that defendants own and operate photosharing website services that infringed patents-in-suit); S.O.I.TEC Silicon On Insulator Techs. S.A. v. MEMC Elec. Materials, Inc., 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009) (complaint provided level of detail sufficient to satisfy Form 18 and McZeal).

Pragmatus has certainly met the level of specificity set forth by the Federal Circuit in McZeal. The Pragmatus Complaint (1) alleges that Pragmatus is the owner of the patents-in-suit (Complaint, ¶¶ 12-14); (2) names Facebook as the infringer (Complaint, ¶¶ 16-18, 20-22, 24-26); (3) identifies the patents being infringed (Complaint, ¶¶ 16-18, 20-22, 24-26); (4) describes the

means by which Facebook is infringing the patents-in-suit (Complaint, ¶¶ 16-18, 20-22, 24-26); and (5) sets forth the section of the patent law being invoked (Complaint, ¶ 6).

Not only does Pragmatus' Complaint satisfy the structure and language of Form 18, it provides information *in excess* of the requirements of Form 18. Pragmatus has alleged the following:

> Facebook has and continues to infringe directly and indirectly one or more of the claims of the '132, '813, and '663 Patents by making, using, offering for sale, and/or selling the system and/or practicing the methods covered by one or more claims of the '132, '813, and '663 Patents, ***including by providing social network services that include video Upload, Record and linking features***.

See Complaint at ¶¶ 16, 17, 20, 21, 24 and 25 (emphasis added).

Therefore, Pragmatus has specifically identified the portions of Facebook's service that infringe the patents-in-suit. Facebook does not make or sell devices that have easily identifiable parts. Rather, Facebook provides a service to its customers. Part of that service is the use of video uploading, recording and linking features. Pragmatus specifically alleges that the video uploading, recording and linking features are the portions of Facebook's service that infringe its patents. See Complaint at ¶¶ 16-17, 20-21, 24-25.

Pragmatus' Complaint complies with Rule 8 and Twombly. Facebook's motion should be denied.

B.   Pragmatus Is Not Required To Plead Intent.

Facebook argues that Pragmatus failed to plead the element of "intent" in connection with its claims of contributory infringement and inducement, but it cites to no binding authority that shows that such pleading is required.

As noted above, in satisfying the elements of Form 18, Pragmatus sufficiently pled a claim for patent infringement under Rule 8. Moreover, the cases Facebook cites for its contention that Pragmatus' Complaint must contain facts illustrating "intent" are distinguishable.

In Intergraph Corp., supra, for example, the authority the court cites for the proposition that the elements of knowledge and intent must be specifically pled does not support that holding. In one of the principal cases relied upon by the court in Intergraph Corp., Hewlett-Packard Co. v. Bausch & Lomb, Inc., 909 F.2d 1464, 1469 (Fed. Cir. 1990), the Federal Circuit held that "*proof* of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to *finding* active inducement" (emphasis added). The Federal Circuit did not hold that intent must be *alleged* in the complaint.

Similarly, in Met-Coil Systs. v. Korners Unlimited, Inc., 803 F.2d 684 (Fed. Cir. 1987), the Federal Circuit did not hold that direct infringement must be *pled* in order to state a claim for contributory infringement or inducement. Rather, the Court held that direct infringement must be *proven* to support those claims. Id. at 687 (affirming grant of summary judgment of noninfringement and holding that "[a]bsent direct infringement of the patent claims, there can be neither contributory infringement, nor inducement of infringement") (citations omitted).

Moreover, in Phonometrics, Inc. v. Hospitality Franchise Systs. Inc., 203 F.3d 790 (Fed. Cir. 2000), the Federal Circuit held that alleging the means of infringement, in addition to identifying the patent statute being invoked, is sufficient. See id. at 794.

Here, Pragmatus alleged that Facebook is an infringer under 35 U.S.C. § 271 by infringing directly and indirectly the claims of the patents-in-suit by making, using, offering to sell, and/or selling the systems and/or practicing the methods covered by one or more claims of these patents, *including by providing social network services that include video upload, record*

6.

*and linking features and providing such to users of Facebook's social network services that include these features*. Complaint, ¶¶ 16-17, 20-21, 24-25 (emphasis added). These allegations are enough to satisfy the liberal pleading standards for contributory infringement and inducement to infringe.

      C.    Facebook's Request For a More Definite Statement Under Rule 12(e) Should Also Be Denied.

Rule 12(e) provides that a defendant may make a request for a more definite statement if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

"An underlying aim of the Federal Rules is 'to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings.'" Home & Nature Inc. v. Sherman Specialty Co., Inc., 322 F. Supp.2d 260, 265 (E.D.N.Y. 2004) (citations omitted). Thus, if a complaint meets the basic requirements of Rule 8, a request for a more definite statement should ordinarily be denied. Id.; see also Asip v. Nielsen Media Research, Inc., 2004 WL 315269, at *2 (S.D.N.Y., Feb. 18, 2004) ("'If [a] complaint complies with the liberal pleading requirements of [Rule 8(a)], then the Rule 12(e) motion should be denied.'") (citation omitted); Dome Patent L.P. v. Permeable Techns., Inc., 190 F.R.D. 88, 90 (W.D.N.Y. 1999) (same).

As set forth above, Pragmatus has met the basic pleading requirements of Rule 8, and a review of the Complaint shows that it is not "so vague or ambiguous" that Facebook could not be reasonably expected to respond.

Moreover, Facebook can fully explore the basis for Pragmatus' claims of infringement during the discovery phase. See Home & Nature Inc., 322 F. Supp.2d at 265; see also Conley v. Gibson, 355 U.S. 41, 47-48 (1957) ("'notice pleading' is made possible by the liberal opportunity

7.

for discovery and the other pretrial procedures established by the Rules . . .."). See also Oki Elec. Indust. Co., Ltd. v. Lg Semicon Co., Ltd., WL 101737, at *3 (N.D. Cal. Feb. 25, 1998) (rejecting the defendant's argument that notice pleading was not satisfied, in part because the local court rules provided for the initial disclosure of infringement contentions which would provide detailed information regarding the basis for the plaintiff's infringement claims).

For these reasons, Facebook's request for relief under Rule 12(e) should also be denied.

D.   Alternatively, Pragmatus Should Be Granted Leave To Amend.

In the event the Court finds that Pragmatus' patent infringement claims are not sufficiently pled, Pragmatus should be granted leave to amend its Complaint. Rule 15(a) of the Federal Rules of Civil procedure grants parties leave to amend a complaint, which should be interpreted liberally. U.S. v. Universal Healthcare Serv's, Inc., 2010 WL 4323082 (W.D. Va. Oct. 31, 2010), citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (remaining citations omitted). A party's right to amend should only be denied if it is shown that the amendment would be prejudicial to the opposing party, there has been bad faith on the party requesting the right to amend, or the amendment would be futile. Id.

There would be no prejudice whatsoever to Facebook if Pragmatus were granted leave to amend its Complaint, nor has Facebook argued there would be. Further, Facebook has not and cannot argue that such an amendment would be in bad faith or would be futile. For these reasons, the Court should grant Pragmatus leave to amend its Complaint, if the Court finds that Pragmatus' patent infringement claims are not sufficiently pled.

8.

## **CONCLUSION**

Wherefore, Pragmatus respectfully requests that Facebook's Motion to Dismiss or, in the alternative, for a More Definite Statement, be denied. Alternatively, Pragmatus requests that the Court grant it leave to amend the Complaint against Facebook.

        PRAGMATUS AV, LLC
        By Counsel

/s/
_____
Mark W. Wasserman (VSB #22638)
Matthew R. Sheldon (VSB #41892)
Brent R. Gary (VSB #66592)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4200
Facsimile: (703) 641-4340
mwasserman@reedsmith.com
msheldon@reedsmith.com
bgary@reedsmith.com

Counsel for Plaintiff Pragmatus AV, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January 2011, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Justin P.D. Wilcox, Esq.
>Scott A. Cole, Esq.
>Cooley LLP
>One Freedom Square
>Reston Town Center
>11951 Freedom Drive
>Reston, VA  20190-5656
>jwilcox@cooley.com
>scole@cooley.com

The following persons will be served via e-mail and first-class mail:

>Blake Lawit, Esq.
>Director of Litigation – IP and Litigation
>LinkedIn Corporation
>2029 Stierlin Court
>Mountain View, CA 94043
>blawit@linkedin.com
>
>David M. Foster, Esq.
>Kimberly S. Walker, Esq.
>FULBRIGHT & JAWORSKI LLP
>801 Pennsylvania Ave., NW
>Washington D.C., 20004
>dfoster@fulbright.com
>kwalker@fulbright.com
>
>Heidi Keefe, Esq.
>Cooley LLP
>3175 Hanover Street
>Palo Alto, CA  94304-110
>hkeefe@cooley.com

          /s/
-------------------------------------------
Mark W. Wasserman (VSB No. 22638)
Matthew R. Sheldon (VSB No. 41982)
Brent R. Gary (VSB No. 66592)
REED SMITH LLP
3110 Fairview Park Drive
Suite 1400
Telephone:  703.641.4229
Facsimile:  703.641.4340
mwasserman@reedsmith.com
msheldon@reedsmith.com
bgary@reedsmith.com

*Attorneys for Plaintiff Pragmatus AV, LLC*

11.