IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PRAGMATUS AV, LLC,** | |
| **Plaintiff,** | **Civil Action No.  1:10-cv-1288 (LMB/JFA)** |
| **v.** | |
| **FACEBOOK, INC., et al.,** | |
| **Defendants.** | |

## PRAGMATUS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Plaintiff, Pragmatus AV, LLC ("Pragmatus"), by counsel, submits the following

Opposition to Defendants Facebook, Inc.'s ("Facebook"), YouTube, LLC's ("YouTube"),

LinkedIn Corporation's ("LinkedIn"), and Photobucket.com, Inc.'s ("Photobucket") (collectively

referred to as "Defendants") Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a):

## INTRODUCTION

Defendants − all huge corporations − request this Court to transfer this case to their

"home" court in California.

But Pragmatus, a small Virginia company, is *owned by two individuals, one of whom is

a resident of Alexandria, Virginia*.  Pragmatus also has its only office in Alexandria.

There is also significant *infringement in Virginia* through the server computers that at

least two of the defendants operate here in Virginia.

In addition, as made clear by the attached declarations, *many non-party witnesses,

including inventors of the patents-in-suit, have agreed to come to Virginia to testify*, if

necessary.  The other witnesses could only provide cumulative testimony.

The Defendants' real aim, of course, is to delay the resolution of this action by transferring the case to a much slower court in California where it will be more difficult for their smaller opponent, Pragmatus, to litigate. Defendants, however, fall far short of satisfying their heavy burden of proving that any factors *considerably outweigh* Pragmatus' choice of forum here. Defendants' motion would merely shift any "inconvenience" from themselves to Pragmatus. The motion to transfer should be denied.

## STATEMENT OF FACTS

A.   Pragmatus And Its Patents.

Pragmatus is a limited liability company organized and existing under the laws of Virginia with its principal place of business located at 601 North King Street, Alexandria, Virginia 22314. Compl., ¶ 1. This is Pragmatus' only office and all of its documents and records are located at this Alexandria office. See William A. Marino Declaration ("Marino Decl.") at ¶ 5, attached as Exhibit 1.

At its Alexandria office, Pragmatus, among other things, manages its intellectual property portfolio, including the patents-in-suit, acquires patent rights, and licenses its patents. Id. at ¶ 8. Pragmatus has only two members, William A. Marino and Anthony Grillo, who are responsible for all of Pragmatus' day-to-day operations. Id. at ¶ 3. Mr. Marino works from the Pragmatus Alexandria office four days a week. Id. at ¶ 5.

Mr. Marino has been a tax-paying resident of Virginia since 2005. He currently owns a home in Alexandria, Virginia that he and his wife purchased in 2007, many years before Pragmatus was formed. Id. at ¶ 4.

Pragmatus is engaged in the business of owning and managing intellectual property. Id. at ¶ 6. Pragmatus owns more than 100 patents. Id. Pragmatus holds all right, title and interest in

several patents that are the subject of this litigation.  Such patents consist of United States Patent 7,730,132 ("'132 Patent") and 7,822,813 ("'813 Patent") both entitled "Storing and Accessing Media Files" and United States Patent 7,831,663 ("'663 Patent") entitled "Storage and Playback of Media Files."  Id. at ¶ 7; Compl., ¶¶ 12 -14.

B.  Defendants' Infringement in Virginia.

The claims of all three patents-in-suit are directed to one or more storage systems/servers or to the methods practiced at, or on, such storage systems/servers.  "Content" in the form of multimedia documents or their components is stored, viewed, edited, or annotated at or on these storage systems/servers.  See the preambles of independent claim 1 of the '663 Patent ("A networked *storage system*"); the '813 Patent ("A content *storage system*"); the '132 Patent ("A multimedia *storage server*"); and the preamble to independent claim 11 of the '813 Patent ("A content *storage system*").  Similarly, independent claim 14 of the '663 Patent is directed at method steps occurring "at a first storage device;" and independent claim 10 of the '132 Patent is directed to method steps "at a multimedia *storage server*." (Emphasis added.)

Facebook has committed, and continues to commit, acts of infringement *in Virginia* by maintaining multiple data centers containing servers in this District where Facebook's infringing activity is occurring.  Compl., ¶ 7.  Pragmatus believes that Facebook currently maintains three large data center facilities in Ashburn, Virginia.  Marino Decl. ¶ 12.  Each data center houses numerous computer servers that receive information and distribute it to Facebook users.  Id. Facebook's infringement is occurring on these servers.  Id.

Pragmatus has also alleged in its Complaint that YouTube has committed, and continues to commit, acts of infringement in Virginia by maintaining multiple data centers containing servers in this District.  Compl. ¶ 8; see also Marino Decl. at ¶ 13.  It is Pragmatus' understanding

that YouTube uses these data centers, which are owned by Google, and are located in Reston, Ashburn and Virginia Beach. Id. Pragmatus believes that these data centers contain servers where YouTube's infringement is occurring. Id.

## ARGUMENT

The United States Supreme Court has held that 28 U.S.C. § 1404(a), which is set forth below,[1] "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Nationwide Mut. Ins. Co. v. Overlook, LLC, 2010 WL 2520973, at *3 (E.D. Va., June 17, 2010); Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Section 1404(a) is designed to prevent the waste of "time, energy and money" and to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 27 (1960).

The burden of demonstrating that another forum would constitute a more appropriate location to litigate an action rests with the moving party. Nationwide, at * 3; citing Nossen v. Hoy, 750 F. Supp. 740, 742 (E.D. Va. 1990). This burden is only satisfied if the movant shows that "the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought." Id. (quoting Medicenters of America, Inc. v. T & V Realty & Equip. Corp., 371 F. Supp. 1180, 1184 (E.D. Va. 1974)) (emphasis in original); see also Heinz Kettler GMBH & Co. v. Razor USA, LLC, 2010 WL 4608714, at *8 (E.D. Va., Nov. 5, 2010); WIAV Solutions, LLC v. Motorola, Inc., 2009 WL 3414612, at *2 (E.D. Va., Oct. 20, 2009);

---

[1] The transfer statute, 28 U.S.C. § 1404(a), provides as follows:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

JTH Tax, Inc. v. Lee, 482 F. Supp.2d 731, 736 (E.D. Va. 2007); Orb Factory, Ltd. v. Design

Science Toys, Ltd., 6 F. Supp.2d 203, 208 (S.D.N.Y. 1998) (the defendant must make a "clear

and convincing" showing that the proposed transferee court is a more appropriate forum before

transfer will be granted).   Unless the balance weighs heavily in favor of transfer, the plaintiff's

choice of forum "should rarely be disturbed."   Collins v. Straight, Inc., 748 F.2d 916, 921-22 (4th

Cir. 1984).

        Moreover, mere inconvenience to the movant is not a "sufficient" reason to transfer.

Collins, 748 F.2d at 922; see also Waste Distillation Tech., Inc. v. Pan American Res., Inc., 775

F. Supp. 759, 764 (D. Del. 1991) ("This Court will not grant a transfer merely because a different

forum is more convenient for the defendants.") (Citation omitted).

        This Court has also established that transfer should be denied if it "simply [shifts] the

balance of inconvenience" from one party to another.  JHT Tax, 482 F. Supp.2d at 737; General

Foam Plastics Corp. v. Kraemer Export Corp., 806 F. Supp. 88, 90 (E.D. Va. 1992); see also

Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,

702 F. Supp. 1253, 1258-60 (E.D. Va. 1988).

        In deciding whether to grant transfer pursuant to § 1404(a), this Court must consider the

following factors: (1) the plaintiff's initial choice of venue; (2) witness and party convenience;

and (3) the interests of justice.  Nationwide, 2010 WL 252097, at *3; see also Baylor Heating &

Air Conditioning, Inc., 702 F. Supp. at 1253; Eastern Scientific Mktg., Inc. v. Tekna-Seal, Inc.,

696 F. Supp. 173, 180 n.13 (E.D. Va. 1988) (identifying several elements a court should consider

when entertaining a motion to transfer venue).

A.      Pragmatus' Decision To Litigate In Virginia Is Entitled To Substantial Deference.

The initial choice of forum, from among those possible, is a privilege given to the

plaintiff and that choice is entitled to *substantial* weight. Heinz, 2010 WL 4608714, at *6;

Nationwide, 2010 WL 2520973, at * 8 (citations omitted) (emphasis added); WIAV Solutions,

2009 WL 3414612, at *3; see also Samsung Electronics Co. Ltd. v. Rambus Inc., 386 F. Supp.2d

708, 716 (E.D. Va. 2005); Intranexus, Inc. v. Siemens Medical Solutions Health Serv's Corp.,

227 F. Supp.2d 581, 583 (E.D. Va. 2002).  A plaintiff's choice of forum is given *even more*

*deference* when its suit is brought in its home forum. Heinz, 2010 WL 4608714, at *8

(substantial weight given to the plaintiff's choice of forum because it was a Virginia corporation

with its principal place of business in Virginia); WIAV Solutions, 2009 WL 3414612, at *3

(plaintiff's choice of forum is entitled to substantial weight because the Eastern District of

Virginia was plaintiff's home forum); Intranexus, 227 F. Supp.2d at 583 (court denied motion to

transfer due, in part, to plaintiff having brought suit in same forum as its principal place of

business which the court held "strongly favors retaining venue in this court").

Pragmatus has filed this action in the Eastern District of Virginia where it has its

principal place of business, headquarters, and only office. Marino Decl. at ¶ 5; Compl. at ¶ 1.  At

its Alexandria, Virginia office, Pragmatus, among other things, manages its intellectual property

portfolio, including the patents-in-suit, acquires patent rights and licenses its patents.  Marino

Decl. at ¶ 8; see WIAV Solutions, 2009 WL 3414612, at *3-4 (court found plaintiff to have

strong presence in Virginia because principal office was located here and plaintiff managed

intellectual property assets, acquired patent rights and licenses patents from its Virginia office).

In addition, Pragmatus is owned and managed by William A. Marino and Anthony Grillo who are responsible for all of Pragmatus' day-to-day operations. Marino Decl. at ¶ 3. Mr. Marino works from the Pragmatus Alexandria office four days a week and he has been a resident of Alexandria, Virginia since 2005, many years prior to Pragmatus' formation and its purchase of the patents-in-suit. Id. at ¶¶ 4, 5. Mr. Marino is a tax-paying resident of Virginia who currently owns a home with his wife that they purchased in 2007. Id. at ¶ 4. He certainly did not move to Alexandria in 2005 for the purpose of bringing this lawsuit, or any lawsuits, in this Court. Id. at ¶ 10. Furthermore, Pragmatus did not open an office in Alexandria for the sole purpose of having access to this Court. Id. at ¶ 11.

Therefore, Pragmatus brought this action in its home forum. There is a strong presumption in favor of maintaining jurisdiction in the Eastern District of Virginia and that presumption will be overcome only if the other factors involved in the analysis ***considerably outweigh*** Pragmatus' right to choose the forum for its lawsuit and clearly favor transferring the case elsewhere. Nationwide, 2010 WL 2520973, at *8 (emphasis added); see also Intranexus, 227 F. Supp.2d at 583 ("the [C]ourt cannot disturb [p]laintiff's choice of forum 'unless the balance of hardships clearly favors transfer'"). In fact, at least one court in the Eastern District of Virginia has noted that "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." See Heinz, 2010 WL 4608714, at *6 (quoting JTH Tax, 482 F. Supp.2d at 738).

Not only has Pragmatus brought this suit in its home forum, but this District is also the forum in which at least some of the Defendants' infringement has occurred and is occurring. As stated above, Facebook and YouTube have committed, and continue to commit, acts of infringement in Virginia by maintaining data centers containing servers in this District where

their infringing activity is occurring.  Compl., ¶¶ 7-8.  Pragmatus believes that these Defendants

currently maintain data center facilities in Ashburn, Reston, and Virginia Beach.  Marino Decl.

¶¶ 12, 13.  Each of these data centers houses computer servers that receive information and

distribute it to users of Facebook and YouTube.  Id.  As discussed above, the claims of all three

patents-in-suit are directed to one or more storage systems/servers or to the methods practiced at,

or on, such storage systems/servers.  The Defendants' infringement is occurring on their Virginia

servers.  Id.  Given that Defendants' infringement is occurring, and has occurred, here in

Virginia, Pragmatus' choice of venue should be given even more weight.  See Samsung, 386 F.

Supp.2d at 716 ("the plaintiff's choice of forum is certainly a relevant consideration so long as

there is a connection between the forum and the plaintiff's claim that reasonably and logically

supports the plaintiff's decision to bring the case in the chosen forum").

Defendants incorrectly argue that the infringement is one that "could have occurred in

any district in the nation" and that therefore Virginia need not be the forum for this action.  See

Defendants' Joint Memorandum at p. 1.  For the reasons stated above, this contention is

inaccurate because some of the Defendants maintain and/or use data center servers in Virginia

that are infringing Pragmatus' patents.  Furthermore, even if the infringement were considered to

be universal as Defendants suggest, Pragmatus' choice of forum should still stand.  If there is no

center of infringing activity in a particular case, then as long as the plaintiff brings its action in a

forum where the alleged infringement is occurring, that choice should not be undermined by

allegations that infringing activity is occurring throughout the country.  Beam Laser Sys., Inc. v.

Cox Commc'ns., Inc., 117 F. Supp.2d 515, 519 (E.D. Va. 2000).

Defendants have cited the In re Microsoft Corp. case as a basis for their contention that

Pragmatus' choice to file this action in this District was nothing more than an exercise in forum-

shopping.  See Defendants' Memorandum at p. 9.  However, the In re Microsoft Corp. case is

inapposite.  In that case, the plaintiff, Allvoice Developments U.S., LLC ("Allvoice"),

incorporated its Texas office *sixteen days* prior to filing suit in that forum.  In re Microsoft

Corp., 2011 WL 30771, at *4 (Fed. Cir. 2011).  Furthermore, the Federal Circuit determined that

Allvoice had no individuals employed in that office and no presence in Texas, but rather was

operated out of the United Kingdom.  Id. at *1.  In contrast, Pragmatus was incorporated in

Virginia due to the fact that one of its two owners, William Marino, has lived in this District

since 2005.  Marino Decl. at ¶ 4.  Mr. Marino did not move to Virginia in order to have access to

this Court, nor was Pragmatus established in this District for that purpose.  Id. at ¶¶ 10, 11.

Moreover, Mr. Marino, one of Pragmatus' main employees, works out of the Pragmatus' Virginia

office on a weekly basis and conducts significant work relating to Pragmatus' patents from that

office.  Id. at ¶¶ 5, 6, and 8.  Such contacts cannot be disregarded as Defendants suggest.  Eolas

Technologies, Inc. v. Adobe Systems, Inc., 2010 WL 3835762 (E.D. Tex. 2010) (refusing to

disregard plaintiff's location in the transferor forum because one of plaintiff's officers and his

family lived in the transferor district and owned a home there).

    Defendants make their forum-shopping allegation despite the above facts, and without

any proof that Pragmatus instituted this litigation here in an effort to "vex, harass, or oppress"

Defendants.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).  Thus, this argument

should be rejected.  Pragmatus' choice of forum is entitled to substantial weight and for the

reasons stated below, Defendants have failed to show that other factors exist that *considerably

outweigh* Pragmatus' choice of forum.  Nationwide, 2010 WL 2520973, at *8 (emphasis added);

see also Intranexus, 227 F. Supp.2d at 583.

B.     The Convenience Of The Witnesses And Parties.

Even though the convenience of the witnesses and the parties is not the most important factor in the transfer calculus, Defendants' motion essentially rests on this factor alone.

Defendants' contention is that certain of their employees and documents are located at their respective offices in the proposed transferee district. However, even if a handful of potential employee-witnesses, along with some documents, are located at Defendants' offices in California, this falls far short of Defendants' burden of making the required strong showing that this case should be transferred. Indeed, the convenience of the parties and witnesses weighs in favor of maintaining this action here, because many of the non-Virginia witnesses have agreed to come to trial in Virginia, and transfer would impose harsh burdens on Pragmatus' witnesses, as well as certain other non-party witnesses.

1.     Few, If Any, Non-Party Witnesses Will Be Inconvenienced Here In Virginia.

Defendants fail to show that there is good reason to transfer this action to California because of non-party witness availability. "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess materiality of evidence and the degree of inconvenience." Heinz, WL 4608714, at *6; WIAV Solutions, 2009 WL 3414612, at *5; Samsung, 386 F. Supp.2d at 718 (citation omitted).

Witness convenience is not merely a battle of numbers favoring the party that can provide the longest list of non-party witnesses it plans to call. Samsung, 386 F. Supp.2d at 718. Moreover, the moving party must demonstrate that the non-party witness is not willing to travel to a foreign jurisdiction. Id. (court denied motion to transfer, in part, because movant failed to show that witnesses would not travel to this district to testify if requested to do so or if certain

- 10 -

expenses were paid); see also WIAV Solutions, 2009 WL 3414612, at *6 (court denied motion to transfer, in part, because movants were unable to show that certain non-party witnesses were unwilling to travel to the Eastern District of Virginia). Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process. Samsung, 386 F. Supp.2d at 718.

A.   Certain Inventors and the Prosecuting Patent Attorney Are Willing to Come to Virginia for Trial.

Defendants have not indicated that a single non-party witness has refused or will refuse to come to this forum to provide live trial testimony. Nor is it apparent that any such non-party testimony is necessary. Defendants have only mentioned a few individuals that could possibly be potential third-party witnesses in this case.

Of those individuals, Defendants, in their memorandum, concede that two of the inventors of the patents-in-suit, Lester Ludwig and Emmett Burns, reside outside of California in Texas and Montana, respectively. See Defendants' Memorandum at 5. Furthermore, Lester Ludwig is willing to travel to this District to provide live testimony if necessary. See Lester Ludwig Declaration at ¶ 5, attached as Exhibit 2.

Defendants state that the third inventor, Chris Lauwers, currently employed by Avistar, is a critical non-party witness who currently resides in California. Mr. Lauwers has also indicated that he is willing to travel to this District to provide live testimony. See Chris Lauwers Declaration at ¶ 6, attached as Exhibit 3. The remaining two inventors who live in California (Keith Lantz and Gerald Burnett), would likely provide cumulative testimony to that which Ludwig and Lauwers would provide. Plus, Defendants have not shown that either of these individuals refuse or are unable to travel to Virginia to provide testimony in this action.

Craig Opperman, who prosecuted the patents-in-suit, resides in California but is likewise willing to travel to Virginia to provide live testimony in this action. See Craig Opperman Declaration at ¶ 5, attached as Exhibit 4.

### B.     Avistar's Witnesses Are Willing to Come to Virginia.

There are several potential third-party witnesses who have no connection whatsoever to the state of California.  For example, to the extent it is even necessary for Avistar employees to testify in this action – which is not apparent at this time – Tony Rodde, President of Collaboration Properties, Inc. (Avistar's wholly owned intellectual property licensing subsidiary), was the primary person involved in Avistar's sale of the patents to Intellectual Ventures.  See Tony Rodde Declaration at ¶ 3, attached as Exhibit 5.  Mr. Rodde currently resides in New Mexico and is willing to travel to this District to provide live testimony, if necessary.  Id. at ¶ 6.  Mr. Rodde provided testimony on behalf of Avistar in both the Tandberg and Polycom cases referenced in Defendants' Memorandum.  Id. at ¶ 5; see Defendants' Memorandum at p. 14.

Furthermore, even if Defendants showed that some non-party witnesses are unwilling to travel to this District, it is quite common that non-party trial testimony be provided by videotape. In Samsung, supra, for example, this Court held:

> Although live testimony is the preferred mode of presenting evidence, when non-party witnesses are unavailable to give live testimony, videotaped depositions often are sufficient.  Somewhat less weight is given to witness inconvenience when a party is unable to demonstrate with any particularity that videotaped deposition testimony will be inadequate, and that live testimony is critical…This is especially so when the witness is not central to the case.  'Loss of live testimony of less central witnesses is not so great a price for honoring plaintiff's choice [of forum].

386 F. Supp.2d at 719 (citations omitted).

Defendants fail to show that there are any necessary, central non-party witnesses in this action who reside in California and are unable to provide live or videotaped testimony and who refuse to travel to this jurisdiction. Defendants fail to show significant inconvenience and thus their grounds for transfer with respect to non-party witnesses should not be given much consideration by the Court.

> 2.    The Convenience Of Defendants' Employee-Witnesses Does Not Justify Transfer.

Because the convenience of non-party witnesses weighs against transfer, Defendants argue that the apparent inconvenience of their own employees compels transfer. As discussed below, Defendants' argument should be rejected.

Defendants fail to specify with sufficient particularity the testimony these so-called "witnesses" would present. Without such a showing, Defendants' argument carries little, if any, weight. See Baylor Heating, 702 F. Supp. at 1258 ("Defendant failed to identify the witnesses and describe their testimony with the requisite particularity.")

Indeed, as Professor Moore has noted:

> To meet the burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must specifically list the evidence and the witnesses . . . along with a general statement of the topics of each witness' testimony . . . Absent such a showing, the motion should be denied.

17 Georgene M. Vairo, Moore's Federal Practice § 111.13 [ 1 ] [f] [v] (3d ed.) (citing Pilates, Inc. v. Pilates Institute, Inc., 891 F. Supp. 175, 183 (S.D.N.Y. 1995)); see also Samsung, 386 F. Supp.2d at 718-719.

Typically, a distinction is drawn between party witnesses and non-party witnesses. Samsung, 386 F. Supp.2d at 718. Party witnesses are the parties themselves and those closely aligned with a party and they are presumed to be more willing to testify in a different forum. Id;

see also WIAV Solutions, 2009 WL 3414612, at *5 (defendant's employees can be expected to appear before this court if necessary). Again, Defendants have not (and cannot) provide any reasons why their own employees are unable to provide live testimony in Virginia, to the extent such testimony is even necessary. After all, much of the infringement testimony will be accomplished on the basis of expert testimony. These experts will be retained and can be expected to present live testimony. Id.

Even if Defendants are somewhat inconvenienced by litigating here in Virginia, such inconvenience does not compel a transfer. Travel from Defendants' home districts to Virginia by their employee-witnesses would be rare and not terribly difficult given the ease of travel to Virginia by plane. In addition, the fact that Defendants would have to ship documents from their businesses to Virginia is hardly a compelling factor in the transfer analysis, especially in light of the ease in which documents are produced electronically through cds and other electronic media.

Finally, given that all of the attorneys who are representing Defendants maintain local offices in Northern Virginia and/or Washington, D.C., there will be no prejudice to them by having to litigate here in Alexandria.

Boiled down to its essentials, Defendants' inconvenience argument really is nothing more than a claim that it may be somewhat more expensive for them to litigate here in Virginia. This Court essentially rejected such an argument in Baylor Heating, a case cited by the Defendants in their Memorandum. See Defendants' Memorandum at pp. 6, 15. In Baylor Heating, the defendant claimed that it was a small company and that the case should have been transferred because its costs to litigate in Virginia would have been higher than if the litigation was transferred to its home court. This Court rejected that contention:

> To be sure, defendant's costs will likely increase by having to defend the suit in Virginia.  But defendant has not demonstrated that it is so small and so lacking in resources that the interest of justice require transfer . . ..

Baylor Heating, 702 F. Supp. at 1261.

In fact, Defendants are all large companies that are able to bear the costs of litigation. Their real strategy is to try and delay this action for as long as possible and try to inconvenience Pragmatus, a far smaller litigant.

Defendants fail to demonstrate why these cases should be transferred based on the convenience of the parties and witnesses.  Although Defendants may be somewhat inconvenienced by litigating in this forum, they certainly have not satisfied their burden under the cases cited herein.

C.    The Interests Of Justice Decidedly Favor Litigating These Actions Here.

The final "interests of justice" factor is designed to be broad and to encompass all those issues bearing on transfer, while being distinguished from the other transfer factors. Nationwide, 2010 WL 2520973, at *9.  The interest of justice factor is to be given much weight. See, e.g., Kaiser Industries Corp. v. Wheeling-Pittsburgh Steel Corp., 328 F. Supp. 365, 370 (D. Del. 1971) ("This Court has long recognized that of the three statutory standards which must be considered on a motion for transfer under § 1404(a), 'the interest of justice' is a factor entitled to the greatest weight.") (citations omitted); see also Coffey v. Van Dom Iron Works, 796 F.2d 217, 220 (7th Cir. 1986) ("The 'interest of justice' is a separate component of a § 1404(a) transfer analysis,…and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.") (Citations omitted.); Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992) (same).

In Nationwide, this Court analyzed the "interest of justice" prong of section 1404(a) and determined that the following factors must be analyzed:

> Relevant considerations in evaluating the "interest of justice" are the pendency of a related action; the court's familiarity with the applicable law; docket conditions; access to premises that might have to be viewed; the possibility of an unfair trial; the ability to join other parties and the possibility of harassment.

Nationwide, WL 2520973, at *9. (Citations omitted.)

There is not a single factor under the "interest of justice" test that weighs in favor of transfer.

1.    Transfer Would Not Promote The Interests Of Justice Because Docket Conditions In The Transferee District Are Slower.

As an initial matter, this Court has recognized that if plaintiff is a local business, "Virginia has an interest in providing a forum for its residents to litigate their disputes." Heinz, 2010 WL 4608714, at *7. Furthermore, as this Court has also recognized, the conditions of the relative dockets is a factor a court should consider on a motion to transfer. Id. ("docket conditions, while not a significant factor, favor retaining this case because statistics reflect that [the Eastern District of Virginia], on average, provides a speedier trial"); see also Intranexus, 227 F. Supp.2d at 585 ("[a] more speedy resolution of this case in the Eastern District of Virginia would be in the interest of justice . . . [t]herefore this factor likewise favors retaining venue"); Baylor Heating, 702 F. Supp. at 1260; Zurich Ins. Co. v. Raymark Indus., Inc., 672 F. Supp. 1102, 1104 (N.D. Ill. 1987) ("a comparison of the dockets for [the transferor and transferee courts] indicates that transfer of this case promotes the interest of justice. . .. Measured in terms of docket congestion and prospects for an earlier trial, the [transferee] court is clearly the preferable forum"); Coffey, 796 F.2d at 221 ("Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system. For example, the

interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial.") (Citations omitted.)

Although Defendants have characterized Pragmatus' decision to file suit in this District as "forum shopping," Pragmatus chose this Court because it resides in this District and also desires a quick, efficient and consistent resolution of its claims. This Court's docket is much faster than the proposed transferee court. The median time from the filing of a civil action to its final disposition in the Eastern District of Virginia is 10 months. In contrast, the median time in the Northern District of California is 26.2 months. See Administrative Office of the United States Courts. 2009 Annual Report of the Director: Judicial Business of the United States Courts (GPO 2010), relevant pages attached as Exhibit 6. Furthermore, on January 12, 2011, this Court entered a Scheduling Order in this action that calls for the close of discovery by May 13, 2011 and a final pretrial conference on May 19th. Under the Scheduling Order, the Court has ruled that the parties may commence discovery and Pragmatus has already propounded discovery requests on each of the Defendants. In addition, Facebook has propounded discovery upon Pragmatus.

A transfer of this matter to the Northern District of California would act as a delay in this proceeding and will have a negative impact on Pragmatus' ability to enforce its patents. Accordingly, the relative docket conditions weigh heavily against transfer.

2.      Transfer Is Not In The Interests Of Justice Because This Court Is Fully
        Capable Of Adjudicating All Issues Fairly.

There will be no choice of law issues that will enable the court in California to adjudicate this dispute better than this Court. Most of the legal issues will be governed by federal law. No possibility exists of an "unfair" trial here in Virginia, and there is no threat of "harassment." No premises will have to be viewed and there are no facilities that will have to be inspected.

In addition, Defendants' argument that the District Court in the Northern District of California is better suited to handle this action because of the Tandberg and Polycom cases is without merit. See Defendants' Memorandum at p. 14. There has been no showing by the Defendants that those suits have any relation to the claims in this case. Further, those cases were decided three and six years ago, respectively. The three patents-in-suit did not even exist during the Tandberg and Polycom litigations. The Northern District of California's familiarity with the Tandberg and Polycom matters, which involved different patents, after all these years, does not warrant a transfer of venue.

In sum, the interests of justice weigh heavily, if not fully, in favor of maintaining the present action in this forum.

## CONCLUSION

Defendants have simply failed to carry their burden of showing that the balance of the appropriate factors is strongly in favor of transferring this case. The interests of justice weigh heavily in Pragmatus' favor, and Defendants have not made any compelling arguments regarding any genuine inconvenience they will suffer if they must litigate in this forum. Finally, Pragmatus' choice of forum should be given significant weight. For the reasons set forth above, as well as those which may be argued before the Court, Pragmatus respectfully requests the Court to deny Defendants' motion and award any further relief the Court deems just and proper.

PRAGMATUS AV, LLC
By Counsel


_____/s/_____
Mark W. Wasserman (VSB #22638)
Matthew R. Sheldon (VSB #41892)
Brent R. Gary (VSB #66592)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4200
Facsimile: (703) 641-4340
mwasserman@reedsmith.com
msheldon@reedsmith.com
bgary@reedsmith.com
Counsel for Plaintiff Pragmatus AV, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2011, the foregoing document was

electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to the following:

Justin P.D. Wilcox, Esq.
Scott A. Cole, Esq.
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
jwilcox@cooley.com
scole@cooley.com
*Counsel for Defendant, Facebook, Inc.*

Veronica S. Ascarrunz, Esq.
Larry L. Shatzer, Esq.
Wilson, Sonsini, Goodrich & Rosati
1700 K Street, N.W.
Fifth Floor
Washington, D.C.  200006-3817
vascarrunz@wsgr.com
lshatzer@wsgr.com
*Counsel for Defendant, YouTube, LLC*

David E. Finkelson, Esq.
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, Virginia  23219
dfinkelson@mcguirewoods.com
*Counsel for Defendant, LinkedIn Corporation*

David M. Foster, Esq.
Kimberly S. Walker, Esq.
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2623
dfoster@fulbright.com
kwalker@fulbright.com
*Counsel for Defendant, Photobucket.com, Inc.*

and was sent via electronic mail and first class mail, postage prepaid, to:

>Heidi Lyn Keefe, Esq.
>Cooley LLP
>3175 Hanover Street
>Palo Alto, California  94304
>hkeefe@cooley.com
>*Counsel for Defendant, Facebook, Inc.*

>Robin Lynn Brewer, Esq.
>Stefani Elise Shanberg, Esq.
>Wilson, Sonsini, Goodrich & Rosati
>650 Page Mill Road
>Palo Alto, California  94304
>rbrewer@wsgr.com
>sshanberg@wsgr.com
>*Counsel for Defendant, YouTube, LLC*

>Daralyn Jean Durie, Esq.
>Clement Seth Roberts, Esq.
>Durie Tangri LLP
>217 Leidesdorff Street
>San Francisco, California  94111
>ddurie@durietangri.com
>croberts@durietangri.com
>*Counsel for Defendant, LinkedIn Corporation*

>Dan Duncan Davison, Esq.
>Miriam Latorre Quinn, Esq.
>Fulbright & Jaworski LLP
>2200 Ross Avenue
>Suite 2800
>Dallas, Texas  75201
>ddavison@fulbright.com
>mquinn@fulbright.com
>*Counsel for Defendant, Photobucket.com, Inc.*

_____ /s/ _____
Mark W. Wasserman (VSB 22638)
Matthew R. Sheldon (VSB #41982)
Brent R. Gary (VSB #66592)
Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia  22042
Telephone:  703.641.4229
Facsimile:  703.641.4340
mwasserman@reedsmith.com
msheldon@reedsmith.com
bgary@reedsmith.com
*Attorneys for Plaintiff, Pragmatus AV, LLC*